Filed 4/3/15  P.v.  Barnett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076483 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040827) |
| v. | |
| DANIEL JAY BARNETT, | |
| Defendant and Appellant. | |

This case comes to us pursuant *to People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 15, 2014, Oroville police officers responded to the report of a robbery at a children's clothing store.  The store clerk told police that a man took merchandise and left without paying.  The clerk ran after the man, who brandished a knife in response. The clerk backed away and the man rode off on a bicycle.

1

The police thought the clerk's description of the thief could be defendant, who was living at a local transient camp. Police went to the camp where they found defendant. Inside defendant's tent, the police found the stolen merchandise. Defendant also had a knife in his pocket and a bicycle outside his tent, both matched the knife and bicycle described by the store clerk. The police took the clerk to the camp area where she identified defendant as the man who stole the merchandise.

The People subsequently charged defendant with second degree robbery (Pen. Code, § 211)[1] and second degree burglary (§ 459) while armed with a knife (§ 12022, subd. (b)(1)). The People also alleged that defendant was previously convicted of a strike offense. (§§ 667, subd. (d) & 1170.12.)

Defendant pleaded no contest to second degree burglary and admitted he was armed with a knife. In exchange for his plea the remaining charge was dismissed with a *Harvey*[2] waiver, and the strike allegation was stricken pursuant to section 1385. The trial court denied defendant's request for probation and sentenced him to four years in state prison. The court also ordered defendant to pay various fines and fees and awarded him 93 days of custody credit.

Defendant appeals without a certificate of probable cause.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requested the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                          _____MURRAY_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____HULL_____, J.